T.C. Summary Opinion 2002-9

UNITED STATES TAX COURT

JOHN N. SHELTON, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15341-99S.          Filed February 6, 2002.

John N. Shelton Jr., pro se.

<u>Chang Ted Li</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income taxes:

|              |            | Additions to Tax |           |
| Taxable Year | Deficiency | Sec. 6651(a)(1)  | Sec. 6654 |
|--------------|------------|------------------|-----------|
| 1994         | $11,118    | $2,736.25        | $566.94   |
| 1995         | 8,322      | 2,068.50         | 448.32    |
| 1996         | 9,203      | 1,721.50         | 352.78    |
| 1997         | 10,909     | 2,360.75         | 496.50    |

After concessions, which are discussed below, the issues to be decided involve the correct amount of rental income for each taxable year at issue and the amount of allowable expense deductions. Petitioner failed to file Federal income tax returns and failed to make estimated tax payments for the taxable years 1994 to 1997, inclusive. As a result, respondent prepared substitute returns for each of the taxable years in issue, and in the notice of deficiency made the following adjustments:

|                       | Taxable Year |          |          |          |
|                       | 1994     | 1995     | 1996     | 1997     |
|-----------------------|----------|----------|----------|----------|
| Wage income received  | $48,857  | $39,543  | $43,045  | $49,610  |
| Interest income       | 20       | 28       | 24       | --       |
| Rental income         | 5,000    | 5,000    | 5,000    | 5,000    |

Respondent computed the above deficiencies allowing petitioner the standard deduction and one exemption and using the tax table for married individuals filing separately.

The parties stipulated that petitioner received income during each of the taxable years as follows:

|                                              | Taxable Year |            |            |            |
|----------------------------------------------|--------------|------------|------------|------------|
|                                              | 1994         | 1995       | 1996       | 1997       |
| Wage income--U.S. Postal Service             | $45,546.33   | $36,170.40 | $39,020.91 | $45,207.89 |
| Wage income--Baltimore Area Local APWU       | 900.00       | 900.00     | 1,000.00   | 1,000.00   |
| Interest income--U.S. Postal Service Credit Union | 20.00   | 28.00      | 24.00      | -0-        |

Petitioner stipulated that he failed to file Federal income tax returns and failed to make estimated tax payments for the taxable years 1994 to 1997, inclusive.

The Court will treat the stipulations as concessions by the parties resolving the issues of unreported wage income and interest received for each of the taxable years at issue and the issues relating to the additions to taxes pursuant to sections 6651(a)(1) and 6654.

Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, and the exhibits are incorporated herein by this reference. At the time of the filing of the petition, petitioner resided in Finksburg, Maryland.

Petitioner has been employed by the U.S. Postal Service in the main post office in Baltimore for more than 12 years, including the taxable years in issue.

Gross income includes all income from whatever source derived. Sec. 61(a). Section 61(a)(5) specifically includes income derived from rents.

During the taxable years in issue, petitioner owned

residential rental property located at 3313 Taney Road, Baltimore, Maryland. The property consists of a two-story shingle house with a driveway. There is an apartment on each floor. Petitioner purchased the property in September 1985 and paid $47,764.95 for the dwelling and land.

During the years at issue, petitioner rented the first floor apartment to Mr. and Mrs. Lewis Reavis. During 1994 and 1995 the Reavises paid $200 per month rent. During 1996 and 1997 the Reavises paid $250 per month rent. Petitioner paid for all utilities. The second floor apartment has been vacant for some time. When both apartments were rented in 1993, petitioner received about $5,000 in rent.

At trial the Court received into evidence four Schedules E, Supplemental Income and Loss, one for each taxable year in issue, prepared by petitioner for purposes of trial, reconstructing the rents received, and expenses relating to the Taney Road property. The schedules are summarized below:

|  | Taxable Year | | | |
|  | 1994 | 1995 | 1996 | 1997 |
|---|---|---|---|---|
| Rental income | $2,400 | $2,400 | $ 3,000 | $3,000 |
| Expenses: | | | | |
|   Insurance | 458 | 460 | 510 | 510 |
|   Mortgage interest | 9,935 | 10,396 | 9,953 | 9,683 |
|   Repairs | 1,175 | 675 | 1,275 | 3,494 |
|   Supplies | -0- | 3,602 | 645 | 887 |
|   Taxes | 1,781 | 1,844 | 2,078 | 4,363 |
|   Utilities | 1,803 | 2,125 | 2,036 | 1,912 |
|     Total expenses | 15,152 | 19,102 | 16,497 | 20,849 |
|     Add: Depreciation | 1,737 | 1,737 | 1,737 | 1,737 |
|     Total expenses | 16,889 | 20,839 | 18,234 | 22,586 |
| Losses from real estate | (14,489) | (18,439) | (15,234) | (19,586) |

Petitioner's uncontroverted testimony is credible, and we find that he received rental income in 1994, 1995, 1996, and 1997 in the amounts of $2,400, $2,400, $3,000, and $3,000, respectively, and not the $5,000 amount for each year as determined in the notice of deficiency.

Section 212(2) allows as a deduction all ordinary and necessary expenses paid during the year for the management, conservation, or maintenance of property held for the production of income.  A taxpayer is required to maintain records sufficient to establish the amount of his income and deductions.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

At the conclusion of the trial, the Court held the record open for the receipt of evidence substantiating expenses relating to the rental property because petitioner failed to present any documentation at trial.  The parties filed a supplemental stipulation of facts in which they stipulated that petitioner paid the following amounts for mortgage interest:

| | Taxable Year | | | |
| | 1994 | 1995 | 1996 | 1997 |
|---|---|---|---|---|
| Household Bank, FSB | $4,103.39 | $4,193.91 | $4,330.28 | -0- |
| U.S. Dept. of HUD | 5,983.39 | 6,444.88 | -0- | -0- |
| Total | 10,086.78 | 10,638.79 | 4,330.28 | -0- |

Based on the supplemental stipulation of facts, petitioner is allowed deductions for mortgage interest in these amounts for the respective years.

Based on the documentary evidence, attached as exhibits to

the supplemental stipulation of facts, petitioner established, that he paid real property taxes in 1994, 1995, and 1997 in the amounts of $1,781.04, $1,843.55, and $4,363.16, respectively.  We hold that he is entitled to deductions in these amounts for those years.  Further, petitioner is entitled to deductions for 1996 of $200 for water expenses and for 1995 of $777.51 for repairs.  Although we realize petitioner incurred many more expenses in connection with the operation of the rental property, in the absence of any documentation we are unable to estimate additional expenses that would ordinarily be deductible.  Unfortunately, petitioner has not been helpful, and, therefore, we cannot allow any additional deductions because we have no basis for determining how much was paid during the years in issue.

With respect to depreciation, section 167(a) and (c) allows a taxpayer to claim a depreciation deduction for property held for the production of income for which he established an adjusted basis as provided in section 1011.  The phrase "held for the production of income" has the same meaning in section 212 and section 167.  <u>Mitchell v. Commissioner</u>, 47 T.C. 120, 129 (1966).

Section 168(b)(3)(B) provides that the straight line method of depreciation is applicable to residential rental property and section 168(c) provides for the applicable recovery period of 27.5 years for such property.  Further, section 168(d)(2) provides, with respect to residential rental property, that the

applicable convention is the midmonth convention.

Petitioner claimed a depreciation deduction of $1,737 for the rental property for each year in issue computed as follows:

| Month and Year Placed in Service | Basis | Recovery Period | Convention | Method | Deduction |
|---|---|---|---|---|---|
| 11/89 | $47,764 | 27.5 years | M/M | S/L | $1,737 |

Petitioner's computations are correct and comport with the statute. However, petitioner used the purchase price of $47,764, as his basis for depreciation purposes, which price includes both land and building. The allowance for depreciation in the case of tangible property does not apply to land. Sec. 1.167(a)-2, Income Tax Regs.

Petitioner is entitled to a depreciation deduction for each year. Upon the basis of the record, we find the value of the land to be $10,000, leaving petitioner with an adjusted basis for depreciation of $37,764. Thus, under section 168 petitioner is entitled to a depreciation deduction of $1,373 for each taxable year in issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.